Hornblower, C. J.
The court upon the argument of the previous motion to amend, 4 Harr. R. 9, felt very unfriendly to the application ; but as the effect of a denial would only have been, to force the plaintiffs to a discontinuance, and the commencement of a new suit, the motion was granted on payment of costs &c. Among other things, in opposition to that motion, it was urged, that according to the terms, and more especially the spirit and design of the statute of 8 and 9 W. 3, the plaintiffs ought to set out the condition of the bond, and assign the breaches in the declaration ; and that therefore, notwithstanding the case of Chetwood ads. The Bank of Eliz. 2 Hal. 32, the plaintiffs having made their election, and by assigning breaches in the declaration, drawn out the defence, ought not now to be per *168 mitted to abandon that declaration, and by a new course of pleading, deprive the defendant of the defences indicated by her pleas. We might indeed have obviated that difficulty by imposing terms on the plaintiffs and requiring them, as a condition of their rule, to furnish the defendant with a specification or particular of the breaches intended to be assigned in the replication. But the plaintiffs might have rejected the rule, loaded with such a condition, and have resorted to a new action. The rule was therefore granted ; but as this court, in the case of Chetwood ads. The Bank, had given no reasons for overruling the demurrer, and as that decision had never been satisfactory to the bar, nor to my own mind, I was willing to hear the matter fully discussed, if the defendant’s counsel thought proper to raise the question upon demurrer to the amended declaration; and an intimation to that effect was given by the court, in pronouncing a decision upon that motion. Accordingly, the plaintiffs having amended their declaration in the manner proposed, the defendant, after craving oyer, and setting out the bond and condition, put in a special demurrer to the declaration; assigning for cause, that the plaintiffs had not therein set out or complained of any breaches of the condition of the bond; nor showed that they had sustained any damage by any breach or breaches thereof.
The matter has been very fully and ably debated by the counsel in this cause, and the result is, that the court feels itself compelled by the force of precedents, including the case of Chetwood ads. The Bank, 2 Hal. 32, to overrule the demurrer. This seems to render .'it unnecessary for us, to state the reasons that would have led us to a different result, had it been an unsettled question ; but the injustice and hardship of the rule are so glaring, that we have felt it our duty in the exercise of a power, which if not incident to the court, is clearly given to it in the one hundred and first section of the practice act, Elm. Dig. 432, to adopt a rule of practice in relation to suits on such bonds, which we believe will in part, at least, obviate the evils complained of; and to remedy which the legislature of New York have, by statute made it compulsory on plaintiffs to set out, the condition and assign breaches in the declaration.
The necessity of such a statutory provision, or of some rule of practice to meet the exigencies of the case, is apparent, from the *169 consideration, that the rules of pleading never permit a departure. Every subsequent plea must sustain the first cause of action assigned, or the first defence that has been set up. Suppose then, a plaintiff declares generally as on a money bond ; what can a defendant plead ? He may indeed deny the bond, by pleading non estfaot.um or ho may plead per fraudum, or duress, or any other matter going to defeat the instrument itself. But he knows the bond is a good one and that it was given with a special condition to perform certain covenants or agreements ; he is ignorant however of the ground of the plaintiff’s complaint; he does not know in what particular the plaintiff intends to charge him with a breach of the condition, and he cannot plead in avoidance or in bar of any matter not alleged in the declaration. He is confined to the plea of performance of the whole condition ; what then is the defendant’s situation ? The plain Í iff’ in his replication assigns breaches. The complaint is new to the defendant; he may be a representative, as in this case; or a mere surety j upon inquiry he may find, that the principal had a release, or a license, or that there had been an accord and satisfaction for that breach, or he may discover some other matter, operating as a discharge, or an excuse for the breach assigned ; but he cannot plead it; he cannot depart from his first plea: he must insist upon performance, and stand or fall by that alone.
Again, such a construction of the statute as permits a plaintiff to declare generally, on such a bond, practically deprives a defendant of the benefit of the act authorizing him to plead several matters in his defence. If the declaration assigned the breaches, the defendant under the statute might plead more pleas than one to each of the breaches. But the “ act to facilitate pleadings,” Elm. Dig. 422, does not authorize a defendant to reply or rejoin several matters. This has been repeatedly settled. The consequence is, a defendant in an action like this, cannot lejoin several matters to any one breach assigned in the replication, even if the rule forbidding a departure in pleading, did not tie up his hands. Whereas, if the plaintiff was obliged to assign the breaches complained of, in his declaration, the defendant might meet each of them with such answers as the nature of his defence might require.
In view of these and other difficulties, and which I am in- *170 dined to think a fair construction of the 8 and 9 W. Ill, would have obviated, the court have adopted the rule of practice referred to ; a copy of which is hereto annexed.

Demurrer overruled with costs.

REGULA GENERALIS,
Adopted, May Term 1843, and reported in the next preceding case.
It is ordered that in all actions on bonds, or for any penal sums for nonperformance of covenants or agreements contained in any indenture, deed or writing, or upon any bonds with conditions other than for the payment of money, in which the plaintiff shall declare generally, without assigning breaches, the defendant, when he demands oyer of the bond or deed declared on, may also in writing require the plaintiff together with a copy of such bond or deed, to deliver to the defendant, a specification, in the nature of a particular, of the breach or breaches intended to be assigned, or on account of which such action has been brought; and the defendant shall have as much time to plead to the action, after the delivery to him of such oyer and specification, as he had at the time of demanding the same. And further it is ordered, that the plaintiff shall not be at liberty, without leave of the court, to assign in his replication or other pleading in the cause, any other or further breaches than those contained in such specification.